# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Terrell Reynolds,                                          Case No. 24-cv-2956 (JRT/DJF)

        Petitioner,

v.                                                                        **ORDER**

B. Eischen, FPC Duluth,

        Respondent.

---

Petitioner Terrell Reynolds pleaded guilty in the United States District Court for the Northern District of Illinois to one count of possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Reynolds*, No. 3:23-CR-50002 (N.D. Ill. filed Jan. 24, 2023). This matter is before the Court on Mr. Reynolds's petition for a writ of habeas corpus challenging the Federal Bureau of Prison's ("BOP") refusal to credit him with time credits under the First Step Act of 2018 ("FSA") ("Petition") (ECF No. 1).

The FSA, among other things, tasks the BOP with implementing "evidence-based recidivism reduction programming" for prisoners in its custody. *See* 18 U.S.C. § 3632(d)(4). As an incentive for prisoners to participate in this programming, the FSA provides that "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," 18 U.S.C. § 3632(d)(4)(A)(i), a benefit that is increased to 15 days' worth of credits for each month of programming completed

1

for prisoners adjudged to have a low or minimum risk of reoffending, *see* 18 U.S.C. § 3632(d)(4)(A)(ii).

Many prisoners are categorically excluded from earning time credits under the FSA by the FSA itself, however.  As relevant to this case, the FSA provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under … Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 3632(d)(4)(D)(xxii).  Mr. Reynolds was convicted of violating Section 924(c).  Under the plain terms of the statute, Mr. Reynolds is ineligible to earn time credits under the FSA with respect to his conviction under Section 924(c).

Less clear is whether prisoners like Mr. Reynolds, who have been convicted of multiple offenses and sentenced to consecutive terms of imprisonment—with one of those terms excluded under the FSA—are eligible to receive time credits during time spent in prison for offenses that the FSA does not categorically exclude.  Courts in this District have previously concluded that the FSA is ambiguous in this regard and that the BOP's interpretation of the FSA as precluding the award of time credits on any part of the sentence was a reasonable interpretation of the statute and therefore entitled to deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council*, 467 U.S. 837, 842–43 (1984).  *See, e.g.*, *Foos v. Eischen*, No. 22-CV-0398 (JWB/DJF), 2023 WL 2795860, at *3-4 (D. Minn. Mar. 4, 2023).  But *Chevron* is no longer good law.  *See Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).  Mr. Reynolds' Petition challenges the BOP's interpretation within the new, post-*Chevron* legal landscape.

Before this action may go forward, however, Mr. Reynolds must do two things.  First, he must file an amended habeas petition that includes his signature.  "Every pleading, written motion,

2

and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." *See* Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

Second, Mr. Reynolds must pay a $5 filing fee for this action. Mr. Reynolds has applied to proceed *in forma pauperis* ("IFP") status, but his application ("IFP Application") (ECF No. 4) shows he had $1,055 in his prison trust account at the time he filed this action (*id.* at 6). This plainly demonstrates that he "'can afford the costs of proceeding without undue hardship or deprivation of the necessities of life.'" *Olson v. Ramsey Cty.*, No. 15-CV-3131 (DWF/JSM), 2015 WL 5778478, at *4 (D. Minn. July 31, 2015) (quoting *Ayers v. Tex. Dep't of Criminal Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam)). Five dollars is not an unreasonable expenditure in the context of Mr. Reynolds's current financial status. The Court therefore denies his IFP Application.

Mr. Reynolds must submit an amended (and signed) habeas petition and the filing fee for this matter by **August 26, 2024**, failing which the Court may recommend that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Terrell Reynold's application to proceed *in forma pauperis* (ECF No. [4]) is **DENIED**.

3

2.      Mr. Reynolds must submit an amended, signed petition for a writ of habeas corpus and a $5 filing fee for this matter by **August 27, 2024**, failing which the Court may recommend that this matter be dismissed without prejudice for failure to prosecute.

Dated: August 6, 2024                                    _s/ Dulce J. Foster_____
                                                        DULCE J. FOSTER
                                                        United States Magistrate Judge

4